ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 2 8 2025

KEVIN P. WEIMER, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| *v.* | No. **1:25CR- 29** |
| LAIRD W. SHULL, KIM BEAVERS, COLTEN BEAVERS, AND BARRY K. OSBORNE | **UNDER SEAL** |

THE GRAND JURY CHARGES THAT:

### Count One

1. Beginning on or about June 1, 2020 and continuing through on or about July 30, 2020, in the Northern District of Georgia and elsewhere, the defendants, LAIRD W. SHULL, KIM BEAVERS, COLTEN BEAVERS, and BARRY K. OSBORNE, did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other and others unknown to the Grand Jury to knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## Background

2.      Unemployment Insurance (UI) was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program (PUA), Federal Pandemic Unemployment Compensation (FPUC), and the Lost Wages Assistance Program (LWAP).

3.      In the State of Georgia, the Department of Labor (GA DOL) based in Atlanta, Georgia, administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including the applicant's name, Social Security number, and bank account information for the direct deposit of approved UI benefits.

4.      To obtain and to continue to obtain benefits, applicants had to self-certify that they were available to work, among other things. Incarcerated individuals were thus not eligible to receive UI benefits.

5.      The GA DOL relied on the information provided in the applications to determine UI benefits eligibility. Once an application was approved, the GA DOL typically distributed state and federal UI benefits electronically to a

designated bank account or to a debit card that claimants could use to withdraw funds or make purchases.

<u>Manner and Means</u>

6. Defendants COLTEN BEAVERS and BARRY K. OSBORNE were both incarcerated during the time relevant to the Indictment.

7. On or about July 4, 2020, defendants KIM BEAVERS, COLTEN BEAVERS, and BARRY K. OSBORNE participated in a conversation during which defendant KIM BEAVERS obtained defendant BARRY K. OSBORNE's name and personal identifying information. Defendant KIM BEAVERS advised that she would have fraudulent applications for UI benefits filed for defendants COLTEN BEAVERS and BARRY K. OSBORNE. Defendant LAIRD W. SHULL then filed the two applications for UI benefits as part of the conspiracy.

8. Defendant LAIRD W. SHULL electronically submitted to the GA DOL the following applications for UI benefits:

| DATE (on or about) | NAME OF CLAIMANT |
|---|---|
| July 7, 2020 | BARRY K. OSBORNE |
| July 7, 2020 | COLTEN BEAVERS |

9. On or about July 20, 2020, the GA DOL electronically deposited into Sutton bank account ending in 5045 approximately $9,681 in UI benefits issued to defendant BARRY K. OSBORNE. Altogether, the GA DOL paid approximately $12,200 in benefits for the claim submitted for defendant BARRY K. OSBORNE.

All in violation of Title 18, United States Code, Section 1349.

3

## Counts Two through Sixteen

10.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 9 of this Indictment as if fully set forth herein.

11.    Beginning on or about June 1, 2020 and continuing through on or about July 30, 2020, in the Northern District of Georgia and elsewhere, the defendants, LAIRD W. SHULL, KIM BEAVERS, COLTEN BEAVERS, and BARRY K. OSBORNE, did knowingly devise and intend to devise a scheme and artifice to defraud the GA DOL, and to obtain money and property from that agency by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

12.    On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendants, LAIRD W. SHULL, KIM BEAVERS, COLTEN BEAVERS, and BARRY K. OSBORNE, aided and abetted by each other and others unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money and property from the GA DOL, caused the following wire communications to be transmitted in interstate commerce:

4

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| Two | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending April 4, 2020. |
| Three | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending April 11, 2020. |
| Four | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending April 18, 2020. |
| Five | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending April 25, 2020. |
| Six | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending May 2, 2020. |
| Seven | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending May 9, 2020. |
| Eight | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending May 16, 2020. |

5

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| Nine | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending May 23, 2020. |
| Ten | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending May 30, 2020. |
| Eleven | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending June 6, 2020. |
| Twelve | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending June 13, 2020. |
| Thirteen | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending June 20, 2020. |
| Fourteen | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending June 27, 2020. |
| Fifteen | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending July 4, 2020. |

6

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| **Sixteen** | July 24, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5045 of an FPUC payment in the name of defendant BARRY K. OSBORNE in the amount of $504 for week ending July 18, 2020. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Seventeen

13.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 9 of this Indictment as if fully set forth herein.

14.    From on or about July 20, 2020 through on or about July 30, 2020, in the Northern District of Georgia and elsewhere, the defendants, LAIRD W. SHULL, KIM BEAVERS, COLTEN BEAVERS, and BARRY K. OSBORNE, aided and abetted by each other and others unknown to the Grand Jury, did steal, purloin, and knowingly and willfully convert to their use and the use of another money and a thing of value of the United States exceeding the sum of $1,000, namely, approximately $12,200 in federal pandemic Unemployment Insurance Benefits.

All in violation of Title 18, United States Code, Section 641 and Section 2.

### Counts Eighteen through Twenty-Two

15.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 5 of this Indictment as if fully set forth herein.

7

16. Beginning on a date unknown to the Grand Jury, but from at least in or about June 2020 through in or about November 2020, in the Northern District of Georgia and elsewhere, the defendant, LAIRD W. SHULL, did knowingly devise and intend to devise a scheme and artifice to defraud the GA DOL, and to obtain money and property from that agency by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

17. As part of the scheme to defraud, defendant LAIRD W. SHULL electronically submitted fraudulent applications for UI benefits to the GA DOL on behalf of incarcerated individuals. The incarcerated individuals paid a portion of the fraudulent proceeds they received from the applications to defendant LAIRD W. SHULL.

18. Based on the fraudulent applications, the GA DOL electronically deposited UI benefits, including FPUC payments, into financial accounts designated by defendant LAIRD W. SHULL. These electronic payments caused interstate wire transmissions.

19. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendant, LAIRD W. SHULL, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain

8

money and property from the GA DOL, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE (on or about) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| Eighteen | July 8, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 4398 of an FPUC payment in the amount of $504 issued to N. T. |
| Nineteen | July 8, 2020 | Electronic deposit from the GA DOL into Block bank account ending in 7997 of an FPUC payment in the amount of $504 issued to F. C. |
| Twenty | July 8, 2020 | Electronic deposit from the GA DOL into Chime bank account ending in 5347 of an FPUC payment in the amount of $504 issued to J. P. |
| Twenty-One | July 22, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6856 of an FPUC payment in the amount of $504 issued to J. O. |
| Twenty-Two | July 29, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 2678 of an FPUC payment in the amount of $504 issued to L. F. |

All in violation Title 18, United States Code, Section 1343 and Section 2.

**Count Twenty-Three**

20. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 5 and 17 through 18 of this Indictment as if fully set forth herein.

21. From on or about June 1, 2020 through on or about November 30, 2020, in the Northern District of Georgia and elsewhere, the defendant, LAIRD W.

SHULL, aided and abetted by others known and unknown to the Grand Jury, did steal, purloin, and knowingly and willfully convert to his use and the use of another money and a thing of value of the United States exceeding the sum of $1,000, namely, approximately $127,735 in federal pandemic Unemployment Insurance Benefits.

All in violation of Title 18, United States Code, Section 641 and Section 2.

## Forfeiture

22.     Upon conviction of one or more of the offenses alleged in Counts One through Sixteen of this Indictment, the defendants, LAIRD W. SHULL, KIM BEAVERS, COLTEN BEAVERS, and BARRY K. OSBORNE, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violations, including, but not limited to, the following:

> MONEY JUDGMENT:  A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Sixteen of this Indictment.

23.     Upon conviction of the offense alleged in Count Seventeen of this Indictment, the defendants, LAIRD W. SHULL, KIM BEAVERS, COLTEN BEAVERS, and BARRY K. OSBORNE, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal,

10

constituting or derived from proceeds traceable to the offense, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Seventeen of this Indictment.

24.    Upon conviction of one or more of the offenses alleged in Counts Eighteen through Twenty-Two of this Indictment, the defendant, LAIRD W. SHULL, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violations, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts Eighteen through Twenty-Two of this Indictment.

25.    Upon conviction of the offense alleged in Count Twenty-Three of this Indictment, the defendant, LAIRD W. SHULL, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds traceable to the offense, including, but not limited to, the following:

11

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Twenty-Three of this Indictment.

26.    If, as a result of any act or omission of a defendant, any property subject to forfeiture:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c)

and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A _____ true _____ BILL

_____ FOREPERSON _____

12

-----------------------------

RICHARD S. MOULTRIE, JR.
*Acting United States Attorney*

TRACIA M. KING
*Assistant United States Attorney*
Georgia Bar No. 421380

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181